

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2007

# Smith v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1674

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Smith v. Johnson" (2007). *2007 Decisions*. Paper 1788.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1788

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1674
_____

IONA SMITH,

Appellant

v.

KIM JOHNSON; COLLINS IJOMA;
RICKY SCOTT; SIGFREDO CARRION;
MARC FEINSTEIN; MIA GARRET;
ALFRED RESTAINO; ELLEN QUINN;
MICHELLE PRIARONE; HLOYE COURAM


_____


On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 05-cv-05873)
District Judge: Honorable Dennis M. Cavanaugh
_____



Submitted Under Third Circuit LAR 34.1(a)
January 5, 2007

Before: SLOVITER, MCKEE AND AMBRO, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: January 10, 2007)


_____

OPINION
_____


PER CURIAM

Iona Smith, who is proceeding *pro se*, filed a complaint alleging that she was not promoted based on her race, color, and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Smith also alleged that she was the victim of fraud, breach of contract, terroristic threats, workplace violence, and slander. The District Court granted Smith *in forma pauperis* status and directed the Clerk to file her complaint. The District Court also ordered Smith to "submit a more specific statement of relief requested" within thirty days. In an apparent attempt to comply with the District Court's order, Smith filed a document listing the specific amount of damages she sought. This document was filed within thirty days of the District Court's order. In February 2006, the District Court dismissed Smith's complaint without prejudice, stating that Smith had not "submitted a more specific statement of the relief requested." This timely appeal followed.

For the following reasons, we will vacate the District Court's order and remand for proceedings consistent with this opinion.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. Generally, an order dismissing a complaint without prejudice is not a final or appealable order. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). In this case, however, the applicable statute of limitations has run and Smith is currently precluded from refiling her complaint. A Title VII complainant has ninety days from the receipt of an Equal Employment Opportunity Commission (EEOC) "right-to-sue letter" to bring an action in

2

court. Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 472 (3d Cir. 2001) (ninety day period for filing court action treated as statute of limitations). Smith alleges she received the EEOC right-to-sue letter on December 1, 2005. Therefore, Smith had until March 1, 2006, to file her complaint. This deadline had nearly passed by the time the District Court dismissed her complaint in February 2006, and has now expired. Thus, the District Court's dismissal is final for purposes of appeal. See Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002). In any event, Smith's brief makes it clear that she intends to stand on her complaint as filed for purposes of this appeal. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). We thus turn to the merits of the appeal.

Because Smith was proceeding with *in forma pauperis* status, the District Court was authorized to dismiss her claim under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), a court must dismiss an action or appeal if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. The District Court also could have dismissed Smith's claim under Federal Rule of Civil Procedure 8 if it determined that her complaint did not provide a "short and plain statement" of her claims showing that she was entitled to relief.

Here, the District Court did not specify the grounds on which it was dismissing Smith's claim beyond stating that she failed to submit "a more specific statement of the

relief requested," as the District Court had previously directed. It appears that the District Court intended to direct Smith to file an amended complaint which stated a claim upon which relief could be granted, or which provided a short and plain statement of her claim. However, this was not plainly stated by the District Court. Consistent with the literal language of the District Court's order, Smith timely filed a statement itemizing the relief she sought from the defendants. We believe Smith's actions constituted a good faith attempt to comply with the District Court's order. Given Smith's *pro se* status, we conclude that it was improper for the District Court to dismiss her complaint under these circumstances.

Accordingly, we will vacate the District Court's order entered February 14, 2006, and remand with instructions to provide Smith with the opportunity to file an amended complaint.